**Signed and Filed: February 24, 2010**

_____
**THOMAS E. CARLSON
U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>CHARLES BERNAL VENTURA AND<br>JOAN ANGELES VENTURA,<br><br>                    Debtors.<br>_____ | ) Case No. 09-31234 SFC<br>)<br>) Chapter 13<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM RE DEUTSCHE BANK'S MOTION FOR RELIEF FROM STAY**

On February 5, 2010, the court held a continued hearing on the Motion for Relief from Stay (the Motion) filed by Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Trust 2006-1 (Deutsche). Kerry Moynihan appeared for Deutsche. Dean Lloyd appeared for Debtors. Upon due consideration, and for the reasons stated below, the court finds that Deutsche is entitled to adequate protection, and continues the hearing to determine the appropriate amount. This memorandum shall constitute the courts findings of fact and conclusions of law.

**FACTS**

On August 10, 2009, Debtors filed a first amended chapter 13 plan (the Plan). The Plan provides that Deutsche will retain its lien until its allowed secured claim has been paid. (Plan, ¶ 4).

-1-

The Plan further provides for postpetition monthly payments to Deutsche in the sum of $3,217, which at the time was the monthly amount owing under the parties' contract under the adjustable rate mortgage. On December 8, 2009, the court entered an order confirming the Plan (the Confirmation Order). Deutsche did not file an appeal of the Confirmation Order.

On December 14, 2009, Deutsche filed the Motion, contending that relief from stay should be granted for cause, because Debtors failed to make three postpetition monthly payments in the sum of $4,440.89 each.

Debtors filed opposition to the Motion, arguing that Deutsche seeks relief from stay due to pre-confirmation defaults, that Deutsche had the opportunity to address these defaults but failed to do so, and that, pursuant to section 1327(a), the Order is *res judicata* as to the monthly payment amount of $3,217. Debtors seek attorney fees under 28 U.S.C. § 1927 and Fed. R. Bankr. Proc. 9011, on the grounds that the Motion is unreasonable and vexatious.

Deutsche filed a response in support of the Motion, arguing that the confirmed Plan violated due process, because it did not clearly and conspicuously state that Deutsche's claim would be modified pursuant to section 1322(b)(2), that the claim would be reduced, or that the monthly payment would be fixed in an amount other than as established by the parties' existing contract.

**LAW**

A chapter 13 plan should state its intended effect clearly. In re Brawders, 503 F.3d 856, 867 (9th Cir. 2007). If the plan is ambiguous, that ambiguity is interpreted against the debtor as drafter, and the confirmed plan has a *res judicata* or claim

-2-

preclusion effect only as so interpreted. Id.

I determine that the Plan is ambiguous regarding the monthly payment owing to Deutsche, because the Plan provides for the monthly payment amount that was owing to Deutsche under the adjustable rate note (the Note) at the time the Plan was filed, and because the Plan does not provide that the Note shall be converted from an adjustable rate note to a fixed rate note. Because the Plan is ambiguous regarding the monthly payment to Deutsche, the Confirmation Order does not fix the monthly payment amount in an amount different from that specified under the Note. The court will set a continued hearing to discuss the amount of the arrears owing to Deutsche and the appropriate amount of future adequate protection payments.

The court denies Debtor's motion for attorneys' fees, because the court is granting Deutsche's motion.

**\*\*END OF MEMORANDUM\*\***